IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| WENDELL K. JUSTICE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:03-CV-0113 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

# REPORT AND RECOMMENDATION
# TO DENY PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner WENDELL K. JUSTICE. By his habeas application, petitioner challenges a February 19, 2003 prison disciplinary proceeding wherein petitioner was found guilty of the disciplinary offense of riot, a Level 1, Code 8 offense. Petitioner was punished with the forfeiture of 730 days previously accrued good time credits.[1]

Following the finding of guilty in the disciplinary proceeding, petitioner filed a Step 1 grievance which was denied on March 18, 2003. Petitioner then filed a Step 2 grievance which was denied on April 14, 2003. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's petition for a writ of habeas corpus

---

[1]Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

should be DENIED.

I.
<u>STATE COURT CONVICTIONS</u>

Petitioner is in the lawful custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), as a result of two judgments and sentences out of the 194th Judicial District Court of Dallas County, Texas.  In *State v. Justice*, No. F89-87144-PM and F89-87143-TM, petitioner pleaded guilty to the offenses of forgery and possession of a controlled substance (cocaine) respectively, and on November 4, 1989, petitioner was sentenced to a term of imprisonment of twenty (20) years for the forgery and twenty-five (25) years for the possession of a controlled substance.

Further elaboration of the specifics of petitioner's state court convictions and any post-conviction proceedings are unnecessary because, in this habeas petition, petitioner challenges only the result of the disciplinary proceeding.

II.
<u>PETITIONER'S ALLEGATIONS</u>

Petitioner contends his federal constitutional rights were violated with regard to the disciplinary proceeding in Case No. 20030158925 in the following respects:

1. Petitioner was denied due process because he was denied the right to call a key witness, Officer Waller;

2. Petitioner was denied due process because he was denied the right to cross-examine witnesses Sgt. Gilmore, Major Gray, and Assistant Warden Weston;

3. Petitioner was denied due process because he was denied the right to

    present evidence of his innocence to wit: his vocational pass.[2]

4.  The evidence was insufficient.

## III.
## MERITS

In order to prevail, petitioner must show his due process rights were violated during the disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions required to be satisfied. Those are: (1) advance written notice of the charges; (2) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

It is the law of the Fifth Circuit that the findings of the prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Further, the federal courts do not review the sufficiency of the evidence since a finding of guilt requires only the support of some facts, or any evidence at all. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986).

In this case, petitioner appears to aver that his due process rights were violated under

---

[2] Respondent has argued petitioner's second and third claims are procedurally barred because petitioner failed to present them during the grievance procedure. This Court may deny an application for a writ of habeas corpus on the merits, notwithstanding the failure of the applicant to exhaust all available remedies. 28 U.S.C. § 2254(b)(2).

Section (2) listed above, because he was denied an opportunity to call witnesses and/or present documentary evidence when such presentation was not unduly hazardous to institutional safety or correctional goals. Specifically, petitioner alleges he was not allowed to present his vocational pass to show he was in school at the time of the riot. According to the offense report, the riot started about 11:10 a.m. Respondent's Answer, Exhibit B at 2. At the hearing, the records reflect, petitioner was allowed to present his school pass to demonstrate class ended at 11:15 a.m. *Id.* at 7. However, in the Service Investigation Worksheet, petitioner stated he was released from class at 10:40 a.m. *Id.* at 6. Petitioner's claim is without merit. He was allowed to introduce this documentary evidence at the hearing.

Petitioner next alleges he was denied the right to call a key witness, Officer Waller, who would have testified petitioner was in class at the time of the riot. The hearing officer denied petitioner such witness because, "Denied, not present at incident, frivolous evidence." Petitioner stated in the Preliminary Investigation Report on February 13, 2003, he was not released from class until 11:15 a.m. Respondent's Answer, Exhibit B at 3. However, as discussed above, petitioner, also admitted, on February 14, 2003, he was released from class at 10:40 a.m., well before the riot. Officer Waller could not have provided petitioner with an alibi as alleged. Further, the charging officer identified petitioner as a participant in the riot. Petitioner has produced nothing except his own statement that Officer Waller would have supported his position he was in class. This seems unlikely in light of petitioner's own contradictory statements of when he was released from class. However, even if Officer Waller supported this position, such testimony would still contradict the testimony of the charging officer who identified petitioner at the riot. A finding of guilt requires only the support of *some facts*, or *any*

*evidence at all*. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986). The testimony of the charging officer constitutes any evidence and was sufficient to convict petitioner. For these reasons and for the reasons set forth below related to witnesses, such claim must fail.

Petitioner also has argued he was denied the right to cross-examine witnesses Sgt. Gilmore, Major Gray, and Assistant Warden Weston. According to the record, no witnesses were present at the hearing. Respondent's Answer, Exhibit B at 7. It appears petitioner is alleging either he was denied the right to call these witnesses, or was denied the right to cross-examine them, because they weren't present. The charging officer's offense report was read at the hearing and Major Gray was noted to be a witness. Respondent's Answer, Exhibit B at 2. Petitioner is not entitled to relief on the basis of a denial of these witnesses. The right to call witnesses at a prison disciplinary hearing is not absolute. Prison officials may deny a request when the projected testimony is irrelevant, is unnecessary, or creates a hazard to institutional safety or correctional goals. In *Ponte v. Real*, 471 U.S. 491, 499, 105 S.Ct. 2192, 2197, 85 L.Ed.2d 553 (1985), the Supreme Court remarked that the discretion of prison officials was so broad that "it may be that a constitutional challenge to a disciplinary hearing [based upon an inmate's right to call witnesses] . . . will rarely, if ever, be successful." This case does not present one of those rare instances where the denial of witnesses, if such was erroneous, justifies relief to petitioner.

Petitioner has not proffered what these witnesses were expected to testify about and consequently, has shown no prejudice. Additionally, according to respondent, petitioner did not request any witnesses at the hearing. Therefore, even assuming, for purposes of argument, that petitioner properly requested these witnesses, he has not shown they were wrongfully excluded,

and he has absolutely failed to show how he was prejudiced by such exclusion. Petitioner's allegations are conclusory and should be denied.

Finally, petitioner claims the evidence was insufficient to convict him of participating in this riot. According to the hearing officer's records, he relied on the charging officer's report in which the charging officer specifically identified petitioner as one of the instigators of the riot. This report constitutes some evidence and is sufficient to support the conviction. Petitioner's claim must fail.

## IV.
## RECOMMENDATION

Based upon the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner WENDELL K. JUSTICE is without merit and should be, in all things, DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 30th day of June 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).